IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE REPUBLIC OF ARGENTINA,
representing MEGAN VERONICA
BENAVIDES POZZAGLIO c/o IVANNA
ROMINA POZZAGLIO CHAVEZ &
HUGO ORLANDO BENAVIDES ROJAS

Plaintiffs

vs

WALDEMAR RENE POZZAGLIO BLED
OLGA LUZ CAMACHO DE LEON

Defendants

CIVIL 03-2369CCC

# O R D E R

     Before the Court now is the Motion Requesting Stay of Proceedings and Compliance With ICARA's 42 U.S.C. § 11604(b) Requisites Regarding With (sic) State Law filed by respondents on July 29, 2006 (docket entry 63). Respondents allege that "[t]he Court's taking of Megan from her legal custodians and subsequent illegal retention violated ... ICARA (42 U.S.C. § 11604(b))" and plead that "the Court must stay the case and comply with the applicable federal law." Motion, at p. 2.

     Section 11604 of the International Child Abduction Remedies Act (ICARA), on which respondents rely, authorizes a court entertaining an action brought under its provisions to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well being of the child involved or to prevent the child's further removal or concealment <u>before the final disposition of the petition</u>." <u>See</u> 11604(a) (emphasis ours). If one of the measures to be taken by the court is the removal of the child from a person having physical control over him/her, any applicable requirements of State law must first be satisfied. <u>See</u> 11604(b). This section of ICARA, thus, provides the courts with authority to issue provisional remedies to protect the child involved while they consider the merits of a petition filed under its provisions. It should be noted that, in this case, the Court never acted under said section as respondents

always maintaned physical control of the involved child until the final disposition of the petition.

Once the Court disposed of the petition in this case, section 11604 was no longer applicable. Since the Court determined in its Opinion and Order (docket entry 58) that minor Megan Verónica Benavides-Pozzaglio had been wrongfully retained by her maternal grandfather in Puerto Rico for the past five (5) years and had to be returned to Argentina, the Order issued by the Superior Court of Arecibo on September 25, 2001 (see Motion Under 42 U.S.C. § 1104(b), docket entry 22, p. 1) granting provisional custody of the minor to respondents is no longer valid. To hold otherwise would defeat one of the purposes of both the Hague Convention on Civil Aspects of International Child Abduction (Convention) and ICARA, which is that "[p]ersons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention." 42 U.S.C. § 11601(2). Application now of the provisional custody order would also go against the mandate of the Convention which requires that once it is determined that a child has been wrongfully retained, it shall be returned "forthwith." Convention, Article 12.

Accordingly, respondents' Motion Requesting Stay of Proceedings and Compliance With ICARA's 42 U.S.C. § 11604(b) Requisites (docket entry 63) is DENIED. Their Informative Motion filed on July 28, 2006 (docket entry 62) is NOTED but DENIED AS MOOT.

SO ORDERED.

At San Juan, Puerto Rico, on July 31, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge